## Open Inns Ltd. v. Carr

C.P. of Chester County, no. 95-08121.

*William J. Gallagher,* for plaintiffs.
*Jeffrey R. Sommer,* for defendants Carr, Signature and Mardeck.
*William H. Lamb,* for defendant Township.
*Robert C. Houpt,* for defendant Erling.

SHENKIN, *J.,* August 9, 1996—This motion places squarely before the court one of the most troubling issues of pretrial discovery: the timing and permissible extent of pretrial discovery concerning the financial situation of a defendant against whom a claim for punitive damages has been asserted and the appropriate limitations, if any, to be placed upon the use and dissemination of the information obtained by such discovery.

The matter currently before us is plaintiffs' motion requesting us to order responses to discovery requests seeking to elicit information concerning the assets, income and financial circumstances of the answering defendants. In ruling on this motion, we cannot be unmindful of the use and potential for abuse of the Rambo

tactic *du jour,* the inclusion of a claim for punitive damages for the sole purpose of being permitted to promulgate this type of discovery as a tactic to impose upon a defendant what many defendants reasonably perceive as the Hobson's choice of either disclosing what they consider to be confidential and highly personal information or accepting potentially devastating sanctions (and the probable eventual disclosure anyway of the information sought to be protected) or settling the case on terms which would otherwise not be acceptable except with the added benefit of preventing disclosure of the data in question.

We do wish to be clear that we are not saying that there is any indication in this case to date that the claim for punitive damages is being made for any reason other than a good faith belief by plaintiffs that such claim is warranted,[1] but only that we believe that we must be particularly sensitive to this type of discovery *whenever* it is sought and opposed.

There can be no doubt that the *wealth* of a defendant is admissible evidence if the issue of punitive damages is being submitted to the jury. *Sprague v. Walter,* 441 Pa. Super. 1, 656 A.2d 890 (1995). Therefore, by traditional analysis, any matter, not privileged, which is relevant to the wealth of the defendant or reasonably calculated to lead to evidence, on that issue would be discoverable. See Pa.R.C.P. no. 4003.1. However, that

---

1. Except, perhaps, the scope and detail of the discovery itself. One could infer from the interrogatories posed that they were intended to be abusive but we prefer the more benign view that they were simply posed without sufficient thought given to the articular subject matter to which they were directed, as they appear to be "boilerplate" interrogatories generally used in aid of execution and, while suitable for that purpose, are clearly not suitable for the purpose for which they were posed in this case.

result is so likely to condone, if not actually reward or encourage, abusive discovery that on this issue a different approach is required. Moreover, because of the nature of this information, we believe that particular consideration is appropriate to the concerns expressed in Pa.R.C.P. no. 4011:

"No discovery or deposition shall be permitted which

"(a) is sought in bad faith;

"(b) would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the deponent or any person or party; . . . ."

Discovery of evidence of the wealth of a defendant would appear to be, *on its face,* within the acceptable scope of discovery but also, *on its face,* likely to be subject to the limitations set forth in Pa.R.C.P. no. 4011. We doubt that we would ever require an individual to make disclosure so extensive and detailed as is being requested in this case, which is more like the discovery normally associated with discovery in aid of execution against a recalcitrant debtor refusing to pay a debt already adjudicated to be valid.

Therefore, in order to protect against use of the claim of punitive damages and the concomitant discovery unfortunately utilized so often not for legitimate purposes but, rather, only to hoist a defendant on Morton's Fork, requiring the defendant to choose between revealing intimate and extensive details of his, her or its finances or to forego defense of an otherwise defensible action (again, we do not intend to imply that this discovery is being used for that purpose in this case; only that such use exists, is becoming more pervasive, and is a problem with which we must be concerned) we have adopted the following procedures with regard to discovery sought in such instances.

First, we will not require a defendant to respond to interrogatories or other discovery requests relevant only to the amount of punitive damages to be assessed unless and until there is first a showing of evidence to support the allegations upon which the claim for punitive damages is based and a reasonable basis for asserting that such claim will eventually be able to be submitted to a jury.

Plaintiffs assert that it is a sufficient demonstration of the viability of their claim for punitive damages that defendants did not file preliminary objections seeking to strike those claims. Such assertion is ludicrous. One can sue anyone else for anything and draft a complaint which will withstand preliminary objections, so that competent counsel for the party being sued will not file preliminary objections, but the lack of preliminary objections does not at all demonstrate the *viability* of any of the claims made in the complaint. Plaintiffs may argue that such discovery should be permitted so long as the claim is asserted in the complaint (a position which we would reject) or that they have, in fact, sufficient evidence to demonstrate at least a *reasonable* possibility, if not actual likelihood, that their claim for punitive damages will get to the jury (the showing which we will require) but the mere fact that the defendants didn't file preliminary objections proves nothing more than that the plaintiffs have made averments in their complaint which, *if supported by competent evidence,* could entitle them to recovery. It supports not at all any contention that there is even a scintilla of such evidence, let alone the quantum of evidence which we will require before permitting discovery on this issue.

Second, we will severely limit the discovery permitted, giving due regard for the fact that it is the

*wealth* of the defendant, in general terms, which is relevant and admissible for the purposes of assessing punitive damages "and that a simple statement regarding a defendant's *total net worth* provides a sufficient yardstick by which a jury may set a suitable punishment when it finds that punitive damages are appropriate. See *e.g.,* . . . *Devlin v. Kearny Mesa AMC/Jeep/Renault Inc.,* 155 Cal.App.3d 381, 391, 202 Cal.Rptr. 204, 210 (Cal. Ct. App. 1984) (net worth is the best measure of a defendant's wealth for purposes of assessing punitive damages); *Rupert v. Sellers,* 48 A.D.2d 265, 272, 368 N.Y.S.2d 904, 913 (1975) (since purpose of presenting evidence of defendant's *wealth* in a libel case is only to furnish jury with guide for suitable punishment, plaintiff need not explore details of defendant's assets and liabilities but may present mere statement of defendant's total net worth to jury)." *Sprague v. Walter, supra* at 62, 656 A.2d at 920. (emphasis added) We would add that not only need not plaintiff explore such details, ordinarily, plaintiff *may not* do so either, if objection thereto is lodged. We recognize that discovery of some detail might be necessary to establish the veracity of defendant's statements concerning his, her or its total net worth, but discovery of such details will be suitably limited. Of course, more wide-ranging discovery will be permitted in those cases in which plaintiff can demonstrate a particularized need or a strong basis to support the contention that a defendant is not being forthcoming with regard to such discovery as is permitted and/or is being evasive or deceptive or attempting to conceal the true amount of his, her or its wealth or total net worth. Therefore, objection to such discovery will be sustained unless the discovery

is suitably and narrowly tailored to elicit information reasonably necessary to make a determination of a defendant's wealth or total net worth.

We specifically note that the motion to compel in this specific instance would be denied because the interrogatories and request for production of documents do not meet this test of specificity and, on their face, impose unreasonable and unnecessary annoyance, embarrassment, oppression and burden on defendants. See Pa.R.C.P. no. 4012.

Third, responses to such discovery will, upon defendant's request, automatically be made subject to a protective order limiting disclosure of the discovery responses to one attorney for plaintiff and no more than one relevant witness, such as an accountant, until such time during the course of the trial as we determine that the issue of punitive damages will be submitted to the jury, following which the information can be further disseminated but even then such disclosure will be limited to only the extent necessary to fairly present the issues to the jury. More extensive review and dissemination of the discovery material prior to trial will be allowed, but only with the express permission of the court which will be granted only for good cause shown.

For the reasons set forth above, we hereby enter the following

### ORDER

And now, August 9, 1996, upon consideration of plaintiffs' motion to compel answers to second set of discovery requests and the response thereto of defendants Carr, Signature and Mardeck, it is hereby ordered that the motion is denied without prejudice to the right

of plaintiffs to proceed in accordance with the foregoing opinion and, if and when appropriate, to proceed with narrowly tailored discovery concerning issues relevant to the matters which would properly be presented to a jury to which a claim for punitive damages is being submitted.